By the Court.—Sedgwick, Ch. J.
The substance of the direction made by the judge at the trial, was that the complaint be dismissed, unless the plaintiff amend the complaint, and that he have leave to amend upon payment of cost within four days. The proceeding is somewhat confused by putting into the form of an order what really was a proceeding upon the trial, and the subject, as to form, of an exception. If the direction given was wholly the result of an adverse motion by the defendant’s counsel, there might be a question, whether the leave to amend prevented the plaintiff’s examining the correctness of the dismissal of the complaint. But the leave to amend was given upon the request of plaintiff’s counsel. The plaintiff’s counsel argues that it was erroneous to make the leave to amend conditional upon- the payment of costs. As, however, they were to be paid within four days, and the plaintiff’s counsel took that delay, the plaintiff has had some advantage from the leave to amend, and must be bound by the order made. He might at the time have refused to take the order as to amendment. On the whole, as instead of an absolute dismissal, it was made conditional upon plaintiff’s not amending, at his own request, the only relief he was entitled to was to amend, and then proceed with the action.
I am of opinion that, on the merits, the complaint was demurrable. The complaint does not aver that the plaintiff and defendant agreed to the legal effect of the written agreement, without stating the written agreement itself, or that the defendant bought and the plaintiff sold, upon certain terms, &c. He confines *226 himself to the bare statement that he “ entered into an agreement in writing, of which the following is a copy.” Then the copy shows on its face that the defendant bought of third persons or a copartnership. It is not a material fact, that the plaintiff did enter into that agreement. The defendant is bound to performance, according to the terms of the agreement. A promise to accept from some one other than the plaintiff does not result in an obligation to accept from the plaintiff and to pay him. It may easily be admitted that the fact was that the plaintiff did business under the name of Messrs. It. Weichsel & Go., and that he was the party in interest. That fact is not alleged, and the complaint states facts which, in the absence of other allegations, show that Messrs. R. Weichsel & Co. are entitled to receive the damages from the defendant, if he be liable at all.
Judgment and orders appealed from are affirmed, with costs.
Freedman and Truax, JJ., concurred.